Scotty Lee MOORE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–88–533.

Court of Criminal Appeals of Oklahoma.

April 9, 1991.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PER CURIAM:

SCOTTY LEE MOORE, appellant, was convicted by a jury of First Degree Felony Murder in the District Court of Oklahoma County, Case No. CRF–84–500. Finding the existence of four aggravating circumstances, the jury sentenced appellant to death. On direct appeal, this Court affirmed appellant's conviction and sentence. *Moore v. State*, 736 P.2d 161 (Okl.Cr.1987). Appellant's petition for Rehearing was also

denied by this Court. Appellant filed a petition for Writ of Certiorari in the United States Supreme Court, which was denied. *Moore v. Oklahoma,* 484 U.S. 873, 108 S.Ct. 212, 98 L.Ed.2d 163 (1987). Appellant then filed an application for Post–Conviction Relief in Oklahoma County District Court, which was denied on June 9, 1988. From this denial of Post–Conviction Relief, appellant appeals to this Court.

■ Initially, appellant asserts that the testimony of the accomplice, Vickie Caster, was not adequately corroborated by independent evidence and the remaining evidence was insufficient to sustain the conviction. However, appellant has waived review of this issue by his failure to assert it upon direct appeal. *Coleman v. State,* 693 P.2d 4, 5 (Okl.Cr.1984). The doctrine of res judicata bars consideration in post-conviction proceedings of issues which have been or which could have been raised on direct appeal. *Id.* See also *Jones v. State,* 704 P.2d 1138, 1140 (Okl.Cr.1985).

Appellant next asserts that the trial court erred by admitting prejudicial, hearsay testimony of Margie Van Winkle and Sam Hermani. This issue has also been waived due to failure to raise it upon direct appeal. *Coleman, supra.*

■ Appellant next contends that prosecutorial misconduct during both stages of trial deprived him of his right to a fair trial. However, this issue was addressed by this Court on direct appeal, and further consideration is barred by res judicata. *Coleman, supra.*

Appellant also alleges that the trial court committed reversible error by admitting irrelevant evidence of other crimes and bad acts. This issue has been waived for failure to raise it on direct appeal. *Coleman, supra.*

Appellant next contends that the trial court erred in giving a flight Instruction, erred in giving an erroneous and misleading other crimes Instruction, and failed to give a cautionary Instruction on the status of Vickie Caster as an informant. Once again, however, these issues are waived for review by appellant's failure to raise them on direct appeal. *Coleman, supra.*

Appellant asserts that his sentence of death must be modified to life because the jury was allowed to consider evidence of a dismissed criminal charge in determining whether the aggravating circumstance "continuing threat" existed. This issue is also waived for failure to raise it on direct appeal. *Coleman, supra.*

Appellant argues that the prosecutor diminished the jury's sense of primary responsibility in making a life and death sentence in violation of *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). Again, this issue is waived by failure to raise it on direct appeal. *Coleman, supra.*

Appellant claims that his sentence must be modified because the evidence was insufficient to prove the aggravating circumstances of "continuing threat" and "the murder was committed for the purpose of avoiding lawful arrest or prosecution." However, these issues were specifically addressed by this Court on direct appeal and further consideration is barred. *Coleman, supra.*

Appellant further contends that this Court has applied and construed the "continuing threat" aggravating circumstance in an arbitrary manner. This issue may not be reviewed because it could have been addressed on direct appeal. *Coleman, supra.*

Appellant next asserts that the trial court erred in failing to instruct the jury on the mitigating factor of "residual doubt", erred in failing to instruct the jury that it had the option of returning a life sentence regardless of its findings respecting aggravating and mitigating circumstances, and its instructions regarding the manner in which the jury was to weigh aggravating and mitigating evidence set forth an improper burden of proof. Insomuch as appellant failed to raise these issues on direct appeal, they are waived. *Coleman, supra.*

■ Predictably, appellant contends that the trial court erred in finding that he had been afforded effective assistance of coun-

sel on direct appeal. Appellant claims that numerous meritorious errors, some of which are listed above, would have made a difference in the outcome of his appeal. Our review of the performance of appellate counsel, as with trial counsel, is guided by the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The proper standard of performance is that of reasonably effective assistance. This assistance is measured by an objective standard of reasonableness. *Id.*, 466 U.S. at 688, 104 S.Ct. at 2064.

▆▆ Initially, we note that appellate counsel is not required to brief every non-frivolous issue raised in a case. *Cartwright v. State*, 708 P.2d 592, 594 (Okl.Cr. 1985). As the trial court below noted in the post-conviction appeal, appellate strategy varies from counsel to counsel. What ultimately must be decided is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063. Applying these standards to the present case, we find the performance of appellant's counsel reasonable under prevailing professional norms.

▆▆ Finally, appellant contends that the evidence was insufficient to support the jury's finding that the murder was "especially heinous, atrocious or cruel." We agree. In *Stouffer v. State*, 742 P.2d 562, 564 (Okl.Cr.1987), this Court limited this aggravating circumstance to those murders which were preceded by torture or serious physical abuse. Since the record in this case is void of any torture or serious physical abuse suffered by Mr. Fernandez prior to his death, this aggravating circumstance cannot stand. Insomuch as we have found this aggravating circumstance to be invalid, we find appellant's fifteenth and nineteenth propositions of error to be moot.

## SENTENCE REVIEW

Pursuant to 21 O.S.Supp.1987, § 701.13(C), this Court must conduct a mandatory sentence review. As noted above, we have stricken the aggravating circumstance of heinous, atrocious, or cruel due to insufficient instructions and evidence. In *Stouffer v. State*, 742 P.2d 562, 564 (Okl.Cr.1987), this Court held that an independent reweighing of aggravating and mitigating circumstances is implicit to our statutory duty to determine the factual substantiation of the verdict and the validity of the death sentence. *See also Castro v. State*, 749 P.2d 1146 (Okl.Cr.1988).

We have already found the evidence sufficient to support the jury's finding of the aggravating circumstances that the appellant would constitute a continuing threat to society, that the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution and that the defendant was previously convicted of a felony involving the use or threat of violence to the person. *See Moore v. State*, 736 P.2d 161, 168 (Okl.Cr.1987).

In *Clemons v. Mississippi*, 494 U.S. ——, —— 110 S.Ct. 1441, 1449, 108 L.Ed.2d 725, 739 (1990), the United States Supreme Court found nothing in appellate weighing or reweighing of the aggravating and mitigating circumstances that is at odds with contemporary standards of fairness or that is inherently unreliable and likely to result in arbitrary imposition of the death sentence. The Court further stated that appellate courts are not hindered in performing this function without written jury findings concerning mitigating circumstances. *Id.*

▆▆ In the present case, appellant presented much evidence in mitigation. Examples include the animosity between appellant and the deceased, the love and concern of appellant's family, appellant's drug problem, appellant's record of being a good and likeable worker on his job, appellant's immature behavior around guns, appellant's age, appellant's level of education and the absence of a father figure during his childhood. After discarding the evidence supporting the invalid aggravating circumstance of "especially heinous, atrocious or cruel," and after carefully weighing the remaining aggravating circumstances against the mitigating evidence

presented at trial, we find the sentence of death to be factually substantiated and appropriate.

Finding no error warranting modification, the judgments and sentences of the District Court of Oklahoma County are AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT, J., concur.

PARKS, J., specially concurs.

PARKS, Presiding Judge., specially concurring:

I too agree that Moore's denial of postconviction relief by the district court should be affirmed. I feel, however, the need to address certain assignments of error raised in the application.

The record indicates that the testimony of Vickie Caster, petitioner's accomplice, was corroborated at trial and that the jury was properly instructed concerning the necessary corroboration. 22 O.S.1981, § 742.

The testimony of VanWinkle who worked with the victim at the same motel and of Hermani who was an owner of the motel where the victim worked was admitted to show that the victim feared the petitioner. They each repeated statements by the victim to them demonstrating that Fernandez had become afraid of petitioner. The trial court offered to give the jury an instruction limiting the jury's consideration of the evidence to the victim's state of mind. The defense refused it, therefore, no error resulted. *See Moore v. State*, 761 P.2d 866 (Okl.Cr.1988).

Petitioner alleges that the trial court erred in admitting evidence of his other crimes and bad acts because they were irrelevant. However, the evidence was relevant to issues at trial and properly admitted under 12 O.S.1981, § 2404(B).

The instruction on flight was warranted on the evidence surrounding petitioner's departure for Texas following the homicide and his attempted escape when stopped by police officers five or six days later. *Douma v. State*, 749 P.2d 1163 (Okl.Cr.1988).

Petitioner's assertion that evidence of unadjudicated acts of violence should not be admitted to prove the "continuing threat" aggravating circumstance is not well taken. We have held otherwise. *Johnson v. State*, 731 P.2d 993 (Okl.Cr. 1987).

Petitioner further complains of a number of instructions and of certain comments to the jury by the prosecutor. He previously failed to raise these arguments and I do not believe they rise to the level of reversible error.