**Olan Randle ROBISON, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. PC–89–1293.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 1991.

Randy Alan Bauman, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

JOHNSON, Judge:

OLAN RANDLE ROBISON, appellant, was tried by jury for the crime of Murder in the First Degree, three counts, in Case No. CRF–80–165 in the District Court of Stephens County. The jury returned verdicts of guilty on all three counts and set punishment at death by lethal injection, also on all three counts. The trial court sentenced appellant accordingly. This Court affirmed the Judgment and Sentence. *Robison v. State*, 677 P.2d 1080 (Okl.Cr.1984). Thereafter, the United States Supreme Court denied certiorari. *Robison v. Oklahoma*, 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). Appellant's application for post-conviction relief was denied by the Stephens County District Court on September 6, 1985. This Court affirmed that denial of relief on November 25, 1985, in an unpublished order.

On March 11, 1986, appellant filed a Writ of Habeas Corpus in the United States District Court for the Western District of Oklahoma. That Writ was denied by unpublished opinion on June 16, 1986. The appellant appealed that denial of relief on July 16, 1986, to the United States Court of Appeals for the Tenth Circuit. On September 25, 1987, the Tenth Circuit Court of Appeals affirmed the decision in part and reversed in part, with an order remanding a portion of the case for further consideration. *Robison v. Maynard*, 829 F.2d 1501 (10th Cir.1987). The sole issue remanded concerned effective assistance of appellate counsel.

On December 27, 1988, the United States District Court for the Western District of Oklahoma entered an order finding that one of appellant's death sentences was invalid but denied appellant relief on the remanded issue. Appellant filed a notice of intent to appeal on May 9, 1989, and the appeal is still pending.

Appellant filed his second Application for Post Conviction Relief in the Stephens County District Court on December 21, 1988. Supplements to the Application were filed on February 21, 1989, and on March 3, 1989. On March 3, 1989, an evidentiary hearing was conducted and final briefing was completed in September, 1989. On November 14, 1989, the Stephens County District Court entered an order denying appellant post-conviction relief. From that order denying relief, appellant appeals to this Court.

In his first assignment of error, appellant contends that his competency was called into question prior to trial, yet he was denied a statutorily required post-examination competency hearing.

■ Our review of the record indicates that there was never a judicial finding pursuant to 22 O.S.1981, § 1175.1, et seq., that a doubt as to appellant's competency existed. Rather, it appears that appellant was allowed a psychiatric examination by agreement of the parties and not by commitment of the court. Indeed, as the District Court of Stephens County noted in its exhaustive order denying relief, appellant's competency was never called into issue at trial. Furthermore, this issue has not been properly preserved for our review as it was not raised on direct appeal or in appellant's first application for post-conviction relief. In *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr. 1984), this Court held that the doctrine of res judicata bars consideration in post-conviction proceedings of issues which have been or which could have been raised on direct appeal. *See also* 22 O.S.1981, § 1086.

■ In his second assignment of error, appellant argues for the first time that his jury was precluded from fully considering the mitigating evidence presented at trial because of an "anti-sympathy" instruction given by the trial court. We again note *Coleman, supra,* that precludes appellant's ability from raising this claim for the first

time on his second application for post-conviction relief. Our finding on this assignment of error is further supported by the United States Supreme Court's ruling in *Saffle v. Parks*, 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990). In *Saffle*, the Supreme Court clearly rejected the Tenth Circuit Court of Appeals reasoning in *Parks v. Brown*, 860 F.2d 1545 (10th Cir.1988), concerning the effect of the "anti-sympathy" instruction on a particular jury. The Supreme Court further held that in any event, such an issue was not proper for collateral relief because it did not fall within either of the two exceptions to the general principle that new rules will not be applied on collateral review.

In his next assignment of error, appellant contends that he was denied his constitutional rights because his court appointed appellate counsel had previously, as a judge, sentenced him in other cases. Again, this issue is barred by the doctrine of res judicata because it was not raised on direct appeal or on appellant's first application for post-conviction relief. *Coleman, supra.*

██ In reference to the preceding assignment of error, the District Court of Stephens County conducted an evidentiary hearing prior to its ruling denying relief on appellant's second application for post-conviction relief. Prior to that hearing, appellant had filed a Motion to Disqualify the Honorable George W. Lindley. Judge Lindley had presided over appellant's trial and had denied appellant's first application for post-conviction relief. Appellant maintains that Judge Lindley was directly involved in the appointment of his appellate counsel. Appellant avers that the propriety of the appointment and retention of his counsel was a principal subject of the post-conviction proceeding. Appellant asserts that it was established that he had written to his appointed appellate counsel expressing his dissatisfaction and requesting counsel to withdraw, but at a meeting between Judge Lindley and trial counsel, Judge Lindley directed counsel to continue his representation. Appellant specifically argues that Judge Lindley should have dis-

qualified himself because appellant needed his testimony concerning the appointment of counsel. Judge Lindley refused to disqualify himself finding that the testimony that appellant wanted to elicit was not material, but merely cumulative.

We have reviewed the record of the evidentiary hearing and find that it does not indicate, nor has appellant demonstrated, any prejudice which denied him due process or fundamental fairness. Our review of the appellant's proffer of proof reveals that the testimony appellant sought from Judge Lindley would have clearly been either cumulative of the testimony given by appellant's appellate counsel or immaterial. We find no violation of 22 O.S.1981, § 1084, nor are any of the conditions listed in 20 O.S.1981, § 1401, which require the disqualification of a judge, present in this case. This assignment of error is without merit.

Finally, appellant suggests that the Oklahoma death penalty scheme is unconstitutional. This argument has been raised previously and addressed by both state and federal courts in appellant's case. Thus, we find the procedural bar of *Coleman, supra,* to preclude a reconsideration of this issue.

Having carefully reviewed the appeal, and being sufficiently advised in the premises, this Court finds that the order of the district court denying post-conviction relief should be, and hereby is, AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT, J., concur.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

In disposing of the first portion of appellant's third assignment of error, the majority holds that the issue is barred by res judicata. I agree with this conclusion. However, for the reasons stated below, I would also note that there appears to have been no conflict of interest regarding appellate counsel's representation of appellant.

The record reveals that in 1977 appellant entered pleas of guilty, pursuant to a plea

agreement, to two (2) felony charges in Stephens County District Court before then District Judge Hegel Branch, Jr. Following appellant's conviction in the present case, Mr. Branch, as an attorney in private practice, was appointed to represent appellant on direct appeal. Branch was not aware of the prior cases at the time of his appointment, but was advised of such in a letter from appellant in mid–1981. However, appellant never filed a request for the appointment of new counsel and did not raise the issue in any previous plea for relief.

Following the evidentiary hearing in the instant action, the district court made detailed findings which set forth the above facts. The court also noted that appellant's prior cases, over which Judge Branch presided, were not related to the present proceedings and were not referred to during appellant's murder trial.[1] Therefore, the present case is clearly distinguishable from *Worthen v. State,* 715 P.2d 81 (Okl. Cr.1986), the case upon which appellant's relies in this assignment. Accordingly, even had this issue been timely raised, I would find that it is without merit.

I also wish to reiterate my opinion that the so-called "anti-sympathy" instruction in the second stage of trial is unnecessary and confusing to the jury where mitigating evidence has been introduced. *See Fox v. State,* 779 P.2d 562, 579 (Okl.Cr.1989) (Parks, P.J., concurring in part/dissenting in part). As a matter of *stare decisis,* however, I yield my view to that of the majority of this Court.

---

**1.** The only prior conviction referred to during appellant's murder trial was one for armed robbery in 1973. *Robison v. State,* 677 P.2d 1080, 1088 (Okl.Cr.1984).