**STATE of Oklahoma, Appellant,**

v.

**Ricky Lynn PRATT, Appellee.**

**No. S–90–724.**

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1991.

David L. Moss, Dist. Atty., Douglas A. Horn, Asst. Dist. Atty., Tulsa, for appellant.

## OPINION

JOHNSON, Judge:

The State, under a reserved question of law (22 O.S.1981, § 1053.1), is appealing a ruling of Special Judge William Musseman in the District Court of Tulsa County. On January 5, 1990, in Case No. CF–90–66, Judge Musseman sustained appellee's demur to the Information on the charge of Assault and Battery on a Police Officer (21 O.S.Supp.1989, § 649) on the belief that the statute was unconstitutionally vague and overprotective of a class of citizens.

On January 17, 1990, the State filed its Notice of Intent to Appeal. Recognizing that the time of the filing was past the ten day time requirement of Rule 2.5 and 2.1(B) of the *Rules of the Oklahoma Court of Criminal Appeals*, 22 O.S.Supp.1989, Ch. 18, App., the State requested that this Court accept the appeal.

First, the State asserts that the statutory language of 22 O.S.Supp.1981, § 1053.1 mandates an automatic appeal to this Court that supersedes the requirements of the Court Rules. In this limited situation we agree. Section 1053.1 states:

**Automatic appeal of judgments holding statutes unconstitutional in criminal actions**

Any final judgment entered by a district court in a criminal action rendering an act of the State Legislature to be unconstitutional **shall be automatically appealed** to the Court of Criminal Appeals, unless said act has been previously declared unconstitutional by said Court of

Criminal Appeals. Such appeals shall be by the district attorney upon a reserved question of law. (emphasis added)

■ The language of Section 1053.1 specifically makes the appeal automatic. We find that automatic indicates that no action is necessary for the judgment to be on appeal to this court. Thus, while we urge compliance with our Court Rules, the language of Section 1053.1 prevents us from not hearing an appeal when a District Court has declared a statute unconstitutional.

Alternatively, the State urged this Court to grant it an enlargement of time pursuant to 12 O.S.Supp.1985, § 2006(B). Section 2006(B) gives this court, upon a showing of cause, the discretion to enlarge the statutory time period for filing. When the time period has expired, Section 2006(B)(2) only allows enlargement when a motion is made and the failure to act was the result of excusable neglect. 12 O.S.Supp.1985, § 2006(B)(2).

■ The State asserts its untimely filing was caused by reliance on the date stated on its prepared Intent to Appeal Notice. The notice contained a clerical error which erroneously stated that the Judge did not issue his order until January 8, 1990. Thus, the State believed it was filing within the required ten days. The State urges that this mistake amounts to excusable neglect. We agree. Therefore, this appeal is accepted and we will address the sole proposition of error; the constitutionality of 21 O.S.Supp.1989, § 649.

First, we note that appellee did not address the issue even though this Court entered an order directing a response. Instead, appellee moved to dismiss the appeal because of the missed ten day deadline. Therefore, we will proceed on the issue without the benefit of any argument or authority cited by the appellee.

■ The State argues that the Special Judge erred in determining 21 O.S.Supp. 1989, § 649, unconstitutionally vague because he misread the language of the statute. We agree. Title 21 O.S.Supp.1989, § 649, states in pertinent part:

A. Every person who, without justifiable or excusable cause, knowingly commits any assault upon the person of a police officer, sheriff, ... while said officer is in the performance of his duties is punishable by imprisonment in the county jail not exceeding six (6) months, or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

B. Every person who, without justifiable or excusable cause knowingly commits **battery or assault and battery** upon the person of a police officer, sheriff, ... while said officer is in the performance of his duties, upon conviction, is punishable by imprisonment of not more than five (5) years in a state correction institution or county jail for a period not to exceed one (1) year, or by a fine not exceeding Five Hundred Dollars ($500.00), or by both such fine and imprisonment. (emphasis added).

Judge Musseman found the statute unconstitutionally vague because he could find "no distinction between paragraph 'A' which makes assault and battery on a police officer a misdemeanor and paragraph 'B' which makes assault and battery on a police officer a felony." (T.R. 4) Because of this, Judge Musseman felt that the prosecutor has sole discretion in choosing whether a person would be charged with a misdemeanor or a felony. (T.R. 4)

■ After a review of 21 O.S.Supp. 1989, § 649, we find a clear difference between paragraphs A and B. Section 649(A) defines the misdemeanor offense as being assault only. Section 649(B) defines the felony offense as being battery, or assault and battery. Assault is defined as "any willful attempt or threat to inflict injury upon the person of another ..." Battery is "... the unlawful application of force to the person of another ..." *Black's Law Dictionary*, Fifth Edition. Clearly, these are separate terms as in assault and battery. We find this language to be definite and not vague. Every presumption must be indulged in favor of the constitutionality of an act of the Legislature, and it is the duty of the courts, whenever possible, to harmonize acts of the Legislature with the Constitution. *State v. Hunter*, 787 P.2d

864, 865 (Okl.Cr.1990). Where a statute is subject to two constructions, one conforming to and the other contravening the Constitution, that construction which conforms to the Constitution must be adopted. *Id.* We hold Section 649 is not unconstitutionally vague.

Next, the State asserts that 21 O.S.Supp. 1989, § 649, is not violative of equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution. Judge Musseman found 21 O.S.Supp. 1989, § 649, unconstitutional because it was overprotective of a class of citizens (police officers) without a showing of necessary police power nor public interest or protecting or defending public safety. (T.R. 4) Still misreading Section 649(A) as including battery, he based this conclusion on the fact that Section 649(A) has a potential maximum punishment of six months for assault and battery on a police officer, which is double the maximum 90 day sentence for assault and battery of any other type of citizen. (T.R. 4)

■ The process for analyzing the constitutionality of a statute under the equal protection clause has previously been set out in *Swart v. State*, 720 P.2d 1265 (Okl. Cr.1986). We adopt that analysis and apply it here. First, the classification is examined to determine if it impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. *Id.* at 1268. If it does, then analysis of the legislative classification requires strict scrutiny. *Id.* In the present case, the classification set in Section 649 does not involve a fundamental right, nor does greater protection of police officers operate to the disadvantage of a suspect class.

Thus, Section 649 is to be analyzed under the "rational relationship test". Under this approach, a legislative classification must be rationally related to a legitimate state interest. *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511 (1976). "A State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect." *Dandridge v. Williams*, 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). Under the rational re-

lationship test, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

■ Section 649 has an obvious basis of protecting police officers in the performance of their duties. There is an obvious public interest in protecting police officers whose job it is to protect the public. The Legislature in providing greater punishment for assault, assault and battery, or battery of a police officer versus other citizens has attempted to provide additional protection to police officers during the performance of their duties. We find that Section 649 bears a rational relationship to a legitimate state interest.

Therefore, the District Court rulings declaring 21 O.S.Supp.1989, § 649, unconstitutional are REVERSED and REMANDED to the District Court for further proceedings consistent with this opinion.

LANE, P.J., and BRETT and PARKS, JJ., concur.

LUMPKIN, V.P.J., concurs in result.