**Ronald Keith WILLIAMSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PC–92–1010.**

Court of Criminal Appeals of Oklahoma.

May 3, 1993.

An appeal from the District Court of Pontotoc County; Ronald L. Jones, District Judge.

Scott W. Braden, Appellate Indigent Defender, Capital Post–Conviction, K. Leslie Delk, Deputy Appellate Indigent Defender, Norman, for appellant.

Susan Loving, Atty. Gen., A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION DENYING POST–CONVICTION RELIEF

LUMPKIN, Presiding Judge:

Petitioner Ronald Keith Williamson has appealed to this Court from an order of the District Court of Pontotoc County denying his application for post-conviction relief in Case No. CRF 87–90. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Williamson v. State*, 812 P.2d 384 (Okl.Cr.1991), and a petition for rehearing was subsequently denied. A Petition for Certiorari was denied by the United States Supreme Court. *See Williamson v. Oklahoma*, — U.S. —, 112 S.Ct. 1592, 118 L.Ed.2d 308 (1992).

On June 29, 1992, Petitioner filed an application in the District Court for determination of competency. The application was denied. Petitioner subsequently requested

this Court assume original jurisdiction and direct the District Court to grant an evidentiary hearing in the matter. On December 21, 1992, this Court declined to assume original jurisdiction and denied the writ of mandamus. Petitioner filed a Post–Conviction Application in the District Court on July 31, 1992, and it was denied September 18, 1992. That denial is the subject of this appeal.

Petitioner is now asking this Court to review the validity of his conviction and sentence for the third time. Thirty-two (32) propositions of error are raised in Petitioner's brief. Several of these propositions contain numerous separate allegations of error. We have reviewed each and every claim of error and find that all of these claims are barred. Generally, propositions of error numbers 3, 4, 5, 9 through 31 were raised on direct appeal and are therefore barred by *res judicata*. *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991); *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); 22 O.S.1981, § 1086. While propositions of error numbers 1, 6, and 32 could have been raised on direct appeal, but were not, and are therefore waived. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr.1985); *Smith v. State*, 546 P.2d 1351 (Okl.Cr.1976), 22 O.S. 1981, § 1086.

It is well established that it is not the office of the Post–Conviction Procedure Act to provide a "second appeal under the mask of post-conviction application." *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr. 1976). Title 22 O.S.1981, § 1051, provides for a direct appeal. Defendants may not, thereafter, assert error in piecemeal fashion under the route of post-conviction. Further, defendants may not obtain review of an issue raised previously by presenting it in a slightly different manner on post-conviction.

In his second proposition of error, Petitioner requests that this Court hold in abeyance his state appeal until the Federal Court issues a ruling in *Mann v. Reynolds, et. al.*, CIV–92–893–C (W.D.Okl.) on the issue of the denial of confidential contact communication between death row inmates and counsel. The issue on appeal from denial of post-conviction relief is whether the trial court is supported by the record.

The record is complete and counsel has access to it. We are not persuaded by Petitioner's brief that his counsel has been denied such access as would impede his ability to pursue Petitioner's rights through State appeals. This is a collateral matter not properly brought under the purview of post-conviction. See also, *Mann v. State*, 1993 WL 4199, 64 OBJ 85 (Okl.Cr. 1993).

In his seventh and eighth assignments of error, Petitioner alleges that he was denied the effective assistance of counsel on direct appeal and at state post-conviction proceedings, respectively. He argues that counsel was ineffective in his direct appeal for failing to raise and adequately present all constitutional trial errors described in the brief on post-conviction appeal. Counsel in state post-conviction proceedings was ineffective, Petitioner claims, because he was precluded from having Petitioner evaluated for competency at this stage and by the "state's interference in [Petitioner's] ability to have meaningful access to the courts." Petitioner's brief, pg. 59.

In *Cartwright v. State*, 708 P.2d 592, 594 (Okl.Cr.1985), we held that the test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assistance" set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693 (1984). In both his direct appeal and at state post-conviction proceedings, Petitioner was represented by the Appellate Public Defender's Office (the predecessor to the Appellant Indigent Defender's Office). Appellate counsel is not required to raise every argument, regardless of merit. *Cartwright v. Maynard*, 708 F.2d at 593. It is the role of appellate counsel to carefully select and develop the legal issues to be presented to the court and not raise every non-frivolous issue conceivable. Having carefully reviewed the entire record, we find that the allegation of ineffective appellate counsel on direct appeal to be without merit.

Further, counsel in state post-conviction proceedings was not ineffective as a result of the denials by both the trial court and this Court of his applications for determination of competency. Counsel repeatedly argued the issue before both

courts, and the fact that 22 O.S.1981, § 1175.1 et seq. simply does not apply to post-conviction proceedings has no bearing on the effectiveness of counsel. Similarly, counsel has repeatedly argued that his inability to have confidential contact with Petitioner effectively denies Petitioner meaningful access to the courts. The fact that this Court rules against Petitioner has no bearing on the effectiveness of counsel. Accordingly, we find that Petitioner was not denied effective assistance of counsel at state post-conviction proceedings.

The Post–Conviction Procedure Act sets forth very specific criteria to be met in bringing an action in post-conviction. As Petitioner has failed to meet those criteria, by either alleging an intervening change in the law since our decision in the direct appeal or bringing forth newly discovered evidence, we must deny this petition for relief. Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby

**AFFIRMED.**

JOHNSON, LANE and CHAPEL, JJ., concur.