Bobby Lynn ROSS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–93–87.

Court of Criminal Appeals of Oklahoma.

April 6, 1994.

### ORDER DENYING APPLICATION FOR POST CONVICTION RELIEF AND AFFIRMING DEATH SENTENCE

Bobby Lynn Ross, Petitioner, has appealed from the denial of post-conviction relief by the District Court of Roger Mills County in Case No. CRF–83–27. We affirm the District Court's denial of post-conviction relief, and affirm the sentence of death.

The procedural posture of this case is summarized as follows: Petitioner was sentenced to death for the offense of Murder in the First Degree and to ninety-nine (99) years imprisonment for the offense of Robbery

with Firearms. Petitioner filed a direct appeal to this Court and we affirmed the convictions and sentences. See *Ross v. State,* 717 P.2d 117 (Okl.Cr.1986). Petitioner's Petition for Rehearing was denied on April 28, 1986. The United States Supreme Court granted Petitioner's writ for certiorari, and in a published decision held that the trial court's erroneous refusal to remove a juror who favored the death penalty, where said juror was subsequently removed by the defense in a peremptory challenge, did not violate Petitioner's right of due process. See *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Petitioner's application for rehearing was denied by the Supreme Court. A petition for post-conviction relief was filed in the District Court of Roger Mills County on October 24, 1988. By Order filed December 3, 1992, the District Court denied relief. On February 1, 1993, this Court tolled the time limit for filing Petitioner's appeal from the denial and allowed Petitioner to file his appeal due to his failure to receive proper notice of the Order denying his petition for post-conviction relief.

■ Petitioner is now asking this Court to review the validity of his conviction and sentence. He raises seventeen (17) propositions of error. Several of these propositions contain separate allegations of error. We have reviewed each and every claim and find that those claims raised in propositions numbers V, VIII(B) & (C), IX, X, XI, XIII, XIV, XV were raised on direct appeal or petition for rehearing and are therefore barred by res judicata. See *Coleman v. State,* 693 P.2d 4 (Okl.Cr.1984), 22 O.S.1981, § 1086. Propositions numbers III, IV, VI, XII, XVI and XVII could have been raised on direct appeal and are therefore waived. *See Smith v. State,* 546 P.2d 1351 (Okl.Cr.1976) and 22 O.S.1981, § 1086.

■ Propositions I and II, considered together, request this Court to hold in abeyance Appellant's post-conviction application pending a ruling in *Mann v. Reynolds, et al.,* 828 F.Supp. 894 (W.D.Okl.) on the issue of the denial of confidential contact between death row inmates and counsel. As reasoned in *Williams v. State,* 852 P.2d 167, 169 (Okl. Cr.1993), this matter is collateral and not properly brought under the purview of post-conviction.

■ Having found that Appellant is procedurally barred from raising most of the claims brought in the current application, we find that we need to address Propositions VII and VIII(A), which impacted the denial of his application by the trial court. The trial court, having found that the instruction on "especially heinous, atrocious and cruel" was unconstitutionally vague, invalidated that particular aggravator, and reweighed the remaining two aggravators and the mitigating factors. The trial court found that the sentence of death was still appropriate.

Appellant urges that his sentence should be modified to life imprisonment because (1) the "retroactive use of a judicially created reweighing policy would violate federal and state prohibitions against ex post facto application of judicial changes in policy which detrimentally affect a defendant's substantial rights" and (2) he was denied his constitutional right to sentencing by a jury. In *Trice v. State,* 853 P.2d 203, 222 (Okl.Cr.1993), this Court, citing *Stafford v. State,* 815 P.2d 685, 687–688 (Okl.Cr.1991) and *VanWoundenberg v. State,* 818 P.2d 913, 916–917 (Okl.Cr.1991), held that both of these arguments have been clearly rejected.

Accordingly, finding no reason to deviate from the trial court's findings, we AFFIRM the decision denying the application. Additionally, we find that Appellant has exhausted all his State remedies.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
Gary L. Lumpkin,
Presiding Judge

/s/ Charles A. Johnson
Charles A. Johnson,
Vice Presiding Judge

/s/ Charles S. Chapel
Charles S. Chapel,
Judge
Concurs in result

/s/ Reta M. Strubhar
Reta M. Strubhar,
Judge