**Tuan Anh NGUYEN, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–94–762.**

Court of Criminal Appeals of Oklahoma.

July 14, 1994.

*ORDER DENYING SECOND APPLICATION FOR POST–CONVICTION RELIEF AND EMERGENCY STAY OF EXECUTION*

JOHNSON, Vice Presiding Judge:

Petitioner, Tuan Anh Nguyen, has appealed to this Court from an order of the District Court of Tulsa County denying his application for post-conviction relief in Case No. CRF–82–1986. Petitioner was convicted of three (3) counts of First Degree Murder. He was sentenced to life imprisonment on Count I and death on both Counts II and III. His convictions and sentences were affirmed by this Court in *Nguyen v. State,* 769 P.2d 167 (Okl.Cr.1988). The United States Supreme Court denied certiorari in *Nguyen v. Oklahoma,* 492 U.S. 925, 109 S.Ct. 3264, 106 L.Ed.2d 609, reh. denied, 492 U.S. 938, 110

S.Ct. 27, 106 L.Ed.2d 639 (1989). Petitioner's first application for post conviction relief was denied by the District Court, and a subsequent appeal of that denial was affirmed by this Court in *Nguyen v. State*, 844 P.2d 176 (Okl.Cr.1992). A second Petition for Writ of Certiorari filed with the United States Supreme Court was denied in *Nguyen v. Oklahoma*, —— U.S. ——, 113 S.Ct. 3006, 125 L.Ed.2d 697 (1993).

On May 4, 1994, Petitioner's execution date was formally scheduled for July 19, 1994. Thereafter, Petitioner filed his second application for post-conviction relief. The District Court of Tulsa denied this application on July 6, 1994. It is this denial which Petitioner now appeals.

■ Petitioner raises three (3) allegations of error in this second application. He first submits that the flight instruction given in this case violated his fundamental right to the presumption of innocence. In support of this contention, Petitioner refers this Court to its recent decision in *Mitchell v. State*, 876 P.2d 682 (Okl.Cr.1993). Petitioner submits *Mitchell* constitutes an intervening change in the law which raises a claim which was previously unavailable to him. However, a "new rule for the conduct of criminal prosecutions . . . applies retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649, 661 (1987). Petitioner's appeal has been final for some five (5) years, and this is the first time Petitioner has raised any allegation of error concerning the flight instruction. Moreover, we have not held that the rule enunciated in *Mitchell* should be applied retroactively to final decisions, and we are not now persuaded to do so. *See Walton v. State*, 565 P.2d 716, 718 (Okl.Cr.1977) ("decisions of the highest court overruling a prior decision are prospective in application unless specifically declared to have retroactive effect"). Therefore, this allegation of error fails as the new rule established in *Mitchell* is not available to Petitioner. *See also Smith v. State*, PC–94–191, 878 P.2d 375 (Okl.Cr.1994).

■ Petitioner contends next that his death sentences must be vacated because "the great risk of death to more than one person" aggravating circumstance is unconstitutionally vague and over broad on its face and as construed by this Court. This is the first time Petitioner has ever raised this issue. Matters which have or could have been raised on direct appeal, but were not, will not be considered in post-conviction proceedings. *Smith v. State*, 826 P.2d 615, 616 (Okl.Cr. 1992); *Johnson v. State*, 823 P.2d 370, 373 (Okl.Cr.1991); *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr.1984). Therefore, this proposition of error is waived.

■ Finally, Petitioner contends he was denied effective assistance of counsel and access to the court by the denial of confidential contact communication with counsel. *Mann v. Reynolds*, 828 F.Supp. 894 (W.D.Okla.1993). We have previously held that action is not relevant to the issues presented on post-conviction. *Mann v. State*, 856 P.2d 992, 993 (Okl.Cr.1993); *Williamson v. State*, 852 P.2d 167, 169 (Okl.Cr.1993). We see no reason to deviate from these decisions now.

The Court notes that on July 13, 1994, the Petitioner also filed to supplement the brief herein; based upon *Smith* this Court also denies such request.

Therefore, for the above stated reasons, the order of the District Court denying post-conviction relief should be, and is hereby **AFFIRMED**. Furthermore, in light of this holding, we find Petitioner's Emergency Request for Stay of Execution should be **DENIED**.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
PRESIDING JUDGE
/s/ James F. Lane
JAMES F. LANE,
JUDGE
/s/ Charles S. Chapel
CHARLES S. CHAPEL,
JUDGE
/s/ Reta Strubhar
RETA STRUBHAR,
JUDGE