892 P.2d 646 (1995)
Robert William CLAYTON, Petitioner,
v.
STATE of Oklahoma, Respondent.
No. PC-94-180.
Court of Criminal Appeals of Oklahoma.
January 10, 1995.
*649 STRUBHAR, Judge:
Robert William Clayton, Petitioner, was convicted of Murder in the First Degree and sentenced to death in the District Court of Tulsa County, Case No. CRF-85-2501. Judgment and sentence were affirmed by this Court in Clayton v. State, 840 P.2d 18 (Okl.Cr. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1655, 123 L.Ed.2d 275 (1993). Petitioner's subsequent Application for Post Conviction Relief was filed in the District Court of Tulsa County on August 26, 1993 and denied on January 14, 1994.[1] Petitioner appeals this denial.
Before presenting his briefed propositions of error Petitioner requests permission to *650 amend his petition to include an allegation of error based upon the flight instruction given in his trial. (Original Record Case No. F-86-165 (hereinafter Trial O.R.) at 202). He requests an evidentiary hearing to determine whether reversal is warranted based on Mitchell v. State, 876 P.2d 682 (Okl.Cr. 1993). This request is presented again in Proposition VI of Petitioner's Brief. This Court has held Mitchell to be prospective in effect. Nguyen v. State, 879 P.2d 148 (1994); Smith v. State, 878 P.2d 375 (1994). Because Petitioner's appeal was final before Mitchell was handed down his argument is moot and will not be addressed.
In addressing Petitioner's briefed propositions of error we initially reiterate that an application for post conviction relief in a capital case is not a new trial or a second appeal. Smith v. State, 826 P.2d 615, 616 (Okl.Cr. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 405, 121 L.Ed.2d 331 (1992); Banks v. State, 810 P.2d 1286, 1289 (Okl.Cr. 1991), cert. denied, 502 U.S. 1036, 112 S.Ct. 883, 116 L.Ed.2d 787 (1991); 22 O.S. 1991, § 1089. In his brief Petitioner raises several issues which were raised and decided on direct appeal.[2] These issues are barred from our further consideration by res judicata. Castro v. State, 814 P.2d 158, 159 (Okl.Cr. 1991), cert. denied, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992); Coleman v. State, 693 P.2d 4, 5 (Okl.Cr. 1984); 22 O.S. 1981, § 1086. Petitioner also raises several issues which were not raised on direct appeal.[3] Because *651 he fails to provide sufficient reason why these issues were not raised earlier they are waived. Rojem v. State, 829 P.2d 683, 684 (Okl.Cr. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992); Smith v. State, 546 P.2d 1351, 1354 (Okl.Cr. 1976); 22 O.S. 1981, § 1086.
Petitioner raises five issues which are properly before this Court on post conviction review: (1) denial of access to the courts based upon Mann v. Reynolds, 828 F. Supp. 894 (W.D.Okla. 1993);[4] (2) erroneous admission of unqualified expert testimony at trial;[5] (3) the constitutionality of 22 O.S. 1991, § 1089;[6] (4) ineffective assistance of appellate counsel;[7] and (5) alleged accumulation of error warranting relief.[8] Our review will be limited to these issues.
In his first and ninth propositions of error Petitioner contends he was denied access to the courts and effective assistance of counsel by the denial of confidential contact communication with counsel and defense experts. Mann, 828 F. Supp. 894. This Court has held access to the courts based on Mann is not relevant to the issues presented for post conviction relief. Nguyen, 879 P.2d at 149. See also Ross v. State, 872 P.2d 940, 941 (Okl.Cr. 1994); Williamson v. State, 852 P.2d 167, 169 (Okl.Cr. 1993) (requests to hold post conviction review in abeyance until decision rendered by federal district court held collateral to and not properly presented for this Court's review). Nor does limited communication, standing alone, render counsel ineffective. Nguyen, 879 P.2d at 149; Duvall v. State, 869 P.2d 332, 332 n. 1 (Okl.Cr. 1994); Mann v. State, 856 P.2d 992, 993 (Okl.Cr. 1993). Petitioner presents no reason to deviate from these holdings.
In his second proposition Petitioner claims the State presented unreliable and inadmissible *652 blood spatter evidence through the testimony of Kenneth Ede.[9] He contends that evidence, in the form of affidavits and letters, proves Ede lied about his qualifications as a blood spatter expert and presents a strong challenge to Ede's conclusions. He argues Ede's testimony, critical to support the aggravating circumstance of heinous, atrocious or cruel and the trial court's denial of a manslaughter instruction, violated due process and therefore is appropriate for post conviction review. 22 O.S. 1991, § 1080(a). Petitioner also argues the letters and affidavits are new evidence, unavailable at trial or on appeal, which permits post conviction review. 22 O.S. 1991, § 1080(d).
Petitioner appended three affidavits attacking Ede's qualifications to testify as a blood spatter expert in a different case[10] to his application for post conviction relief. (P.C.O.R. at 317-339). Sergeant Gary Rini's affidavit was witnessed January 18, 1991. Captain Tom Bevel's affidavit was witnessed January 21, 1991. Herbert MacDonell's affidavit was witnessed November 13, 1991. He also appended three letters from Janet Halliburton, General Counsel for the Oklahoma State Bureau of Investigation (OSBI) to the Attorney General's Office and the Tulsa District Attorney dated November 18, 1992, May 6, 1993 and June 7, 1993. (P.C.O.R. at 314-316). This evidence was not available prior to Petitioner's formal sentencing on March 7, 1986.
Petitioner's conviction and sentence were affirmed by this Court on September 24, 1992. Rehearing was denied November 3, 1992. This Court held, on evidence then available, it was not error to qualify Ede as a blood spatter expert. Clayton, 840 P.2d at 28. Because Ede's credibility was challenged on appeal it is res judicata for post conviction review. Castro, 814 P.2d at 159; Coleman, 693 P.2d at 5; 22 O.S. 1981, § 1086.[11] However, from the record it appears Petitioner was not aware of the particular problems with Ede's qualifications until June 7, 1993.[12] In the interest of justice we will address the issue of Ede's qualification as a blood spatter expert.
The purpose of expert testimony is to assist the jury to understand the evidence or determine a fact in issue. 12 O.S. 1991, § 2702. Whether to qualify a witness as an expert is within the sound discretion of the trial court. Moore v. State, 788 P.2d 387, 397 (Okl.Cr. 1990), cert. denied, 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 182 (1990); Kennedy v. State, 640 P.2d 971, 977 (Okl.Cr. 1982). Based on the information available at the time of trial Ede was properly qualified as an expert. See Clayton, 840 P.2d at 28. However, the letters and affidavits presented to the trial court in Petitioner's application for post conviction relief create serious doubt as to Ede's qualifications as a blood spatter expert. At trial Ede overstated his qualifications. (Transcript of Proceedings Case No. F-86-165 (hereinafter Trial Tr.) at 813-815). MacDonell's affidavit states Ede received insufficient training to qualify him as a blood spatter expert. Bevel's and Rini's affidavits also conclude Ede was not qualified to testify on this subject. We find most troubling the letters in which the OSBI disavows Ede as a blood spatter expert. Based on this new evidence we hold the trial court should have determined, on Petitioner's application for *653 post conviction relief, that admission of Ede's blood spatter testimony was error.
The devastating impact of erroneous and incompetent expert testimony to a defendant cannot be overstated. See Fox v. State, 779 P.2d 562, 571 (Okl.Cr. 1989), cert. denied, 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990); McCarty v. State, 765 P.2d 1215, 1218 (Okl.Cr. 1988). However, we will subject the admission of such erroneous testimony to harmless error analysis. McCarty, 765 P.2d at 1218; Brown v. State, 751 P.2d 1078, 1079-1080 (Okl.Cr. 1988). After careful review of the trial and post conviction records and transcripts it is clear to us there was overwhelming evidence besides Ede's testimony to support the aggravating circumstance of heinous, atrocious or cruel and to preclude a manslaughter instruction.
This Court will affirm a finding of the aggravating circumstance of heinous, atrocious or cruel only in those cases where a murder is preceded by torture or serious physical abuse. Clayton, 840 P.2d at 30; Stouffer v. State, 742 P.2d 562, 563(Okl.Cr. 1987), cert. denied, 484 U.S. 1036, 108 S.Ct. 763, 98 L.Ed.2d 779 (1988), cert. denied, ___ U.S. ___, 112 S.Ct. 1573, 118 L.Ed.2d 217 (1992). Even disregarding Ede's testimony that two or three separate attacks on the victim occurred, ample evidence supported the finding the victim suffered serious physical abuse prior to death. Dr. Hemphill testified the victim suffered numerous wounds from stabbing, beating and choking. (Trial Tr. at 853-887). He testified the victim suffered the wounds when alive (Trial Tr. at 859), none of the wounds would produce instant death (Trial Tr. at 879), some of the wounds may have been defensive in nature (Trial Tr. at 883), the victim would have lived for fifteen to thirty minutes (Trial Tr. at 884), and that the victim could have seen if conscious. (Trial Tr. at 886-887). The victim's husband testified that upon entering the apartment he saw blood everywhere and followed a blood trial to his wife. (Trial Tr. at 585). When he found his wife she appeared to be looking at their baby. (Trial Tr. at 586). See also Clayton, 840 P.2d at 31.
This Court has held a trial Court is required to instruct on lesser degrees of homicide only when warranted by the evidence. Hogan v. State, 877 P.2d 1157 (1994); Lamb v. State, 767 P.2d 887, 890 (Okl.Cr. 1988). As this Court noted on direct appeal the evidence did not warrant a manslaughter instruction. Clayton 840 P.2d at 30. Without Ede's testimony the evidence still precludes the requested instruction. Therefore any error in the admission of Ede's blood spatter testimony was harmless.
In his tenth proposition Petitioner alleges 22 O.S. 1991, § 1089 violates due process and equal protection. He contends: (1) the statute is inapplicable to defendants sentenced to death prior to November 1, 1987; (2) the Sixty day limit[13] violates due process; (3) and treating death penalty defendants differently from other defendants is a violation of equal protection. This is a novel proposition. We were unable to find any cases addressing the constitutionality of 22 O.S. 1991, § 1089 on these issues in our research.
Petitioner claims 22 O.S. 1991, § 1089 cannot be applied to cases in which the defendant was sentenced to death prior to November 1, 1987, the effective date of the statute. He contends the statute created a substantive change in the law and therefore cannot be applied retrospectively. 22 O.S. 1991, § 3. Section 1089 is applicable only after this Court has reviewed a petitioner's direct appeal. 22 O.S. 1991, § 1089(A). Petitioner's sentence and conviction were affirmed September 24, 1992. Clayton, 840 P.2d at 18. Therefore, this section is not applied retrospectively to Petitioner, even though he was sentenced to death prior to November 1, 1987, because his direct appeal was decided by this Court after the effective date of the section. Cartwright v. State, 778 *654 P.2d 479, 482-483 (Okl.Cr. 1989), cert. denied, 497 U.S. 1015, 110 S.Ct. 3261, 111 L.Ed.2d 771 (1990), reh'g denied, 497 U.S. 1051, 111 S.Ct. 17, 111 L.Ed.2d 831 (1990). Moreover, § 1089 represents a procedural change. It does not create, alter or remove a capital petitioner's access to the statutory remedial review provided by 22 O.S. 1991, § 1086. This argument is without merit.
Petitioner's due process argument is premised on denial of equal access to the courts. He argues the time limit arbitrarily and unreasonably restricts the time within which to prepare and file applications for post conviction relief. This Court indulges every presumption in favor of the constitutionality of an act of the legislature. State v. Pratt, 816 P.2d 1149, 1151 (Okl.Cr. 1991); State v. Hunter, 787 P.2d 864, 865 (Okl.Cr. (1990). As a result of this presumption we place on the challenging party the burden of proving the statute is unconstitutional. Howard v. City of Tulsa, 712 P.2d 797, 798 (Okl.Cr. 1986). In order to support this contention, Petitioner must cite relevant and specific authority. VanWoundenberg v. State, 720 P.2d 328, 334 (Okl.Cr. 1986), cert. denied, 479 U.S. 956, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986), cert. denied, ___ U.S. ___, 112 S.Ct. 1693, 118 L.Ed.2d 405 (1992). No authority has been cited. Absent plain error, this Court will not address assertions unsupported by legal authority. Kennedy v. State, 640 P.2d 971, 980 (Okl.Cr. 1982).
Petitioner fails to show § 1089 violates due process or that its application resulted in plain error in his case. The sixty day time limit satisfies the legislative intent to expedite review of capital post conviction petitions.[14] This Court and the Tenth Circuit recognize that delay of post conviction review results in a violation of due process. Manous v. State, 797 P.2d 1005, 1005 (Okl. Cr. 1990); see Hill v. Reynolds, 942 F.2d 1494, 1496 (10th Cir.1991); Harris v. Champion, 938 F.2d 1062, 1067 (10th Cir.1991). Expedited review of these cases ensures timely resolution of issues properly raised for post conviction review. In the present case Petitioner raises several issues, routinely raised by capital defendants, which are barred from review. It is incongruous for Petitioner to argue that his application time is unfairly restricted when he chooses to devote the large majority of his brief to arguments which are not properly before this Court. Moreover, expedited review protects a petitioner's ability to file a federal petition for writ of habeas corpus in a timely manner upon exhaustion of state remedies.
Petitioner likewise fails to show an equal protection violation. In order to show an equal protection violation Petitioner must establish either: (1) § 1089 impermissibly interferes with his exercise of a fundamental right or operates to the peculiar disadvantage of him as a member of a suspect class;[15] or that the statute is not rationally related to a legitimate state interest.[16] Petitioner fails to cite any authority, nor does our research disclose any, which holds capital post conviction petitioners constitute a suspect class. Nor does § 1089 impermissibly interfere with a fundamental right. Petitioner does not have a fundamental right to post conviction review. See Manous, 797 P.2d at 1005. Further, as noted above, § 1089 promotes rather than inhibits timely post conviction review. Finally, the state interest as set forth in § 1089(A) is the swift determination of the propriety of the death sentence for petitioners and speedy final resolution of capital cases. Petitioner fails to show the statute is not rationally related to this legitimate state interest.
Throughout his brief Petitioner makes numerous allegations that appellate counsel was ineffective.[17] His arguments center on appellate counsel's failure to allege trial counsel was ineffective. To successfully *655 prove ineffective assistance of counsel, Petitioner must satisfy the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show: (1) that appellate counsel's performance was deficient; and (2) that he was prejudiced by the deficient performance. Id. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. In Lockhart v. Fretwell, 506 U.S. ___, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), the Court stated the "touchstone of an effective assistance of counsel claim is the fairness of the adversary proceeding". Id. at ___, 113 S.Ct. at 843, 122 L.Ed.2d at 189. A mere showing that Petitioner's conviction would have been different but for counsel's errors will not suffice to sustain a Sixth Amendment claim. Id. Unreliability or unfairness does not result unless the ineffectiveness of counsel deprived Petitioner of a substantial or procedural right to which he is entitled by law. Id. at ___, 113 S.Ct. at 844, 122 L.Ed.2d at 191.
In reviewing claims of ineffectiveness, this Court indulges in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Camron v. State, 829 P.2d 47, 55 (Okl.Cr. 1992). Petitioner must overcome the presumption that the challenged action might be considered sound trial strategy under the circumstances. Id. at 56.
While trial counsel's effectiveness is waived as an issue for review, it will be evaluated in determining whether appellate counsel was ineffective for failing to raise the issue on direct appeal. Petitioner alleges trial counsel was ineffective for failing to properly investigate and prepare evidence based on Petitioner's mental retardation in three ways: (1) waiver of his right to counsel; (2) competency to stand trial; and (3) as mitigating evidence. He further argues trial counsel failed to present adequate mitigating evidence.[18] Petitioner alleges appellate counsel was ineffective for failing to raise ineffectiveness of trial counsel and for failing to raise the issues presented in his application for post conviction relief.
This Court has stated low intelligence is only one factor to consider to determine the voluntariness of a waiver of the right to counsel. Salazar v. State, 852 P.2d 729, 733 (Okl.Cr. 1993), reh'g denied, 859 P.2d 517 (Okl.Cr. 1993), Hayes v. State, 738 P.2d 533, 537 (Okl.Cr. 1987); Phillips v. State, 650 P.2d 910, 913 (Okl.Cr. 1982). Our review of the records reveals Petitioner's mental retardation was raised as a factor by trial counsel on the issue of waiver of his right to counsel. (Transcript of Preliminary Hearing Case No. F-86-165 conducted 9/9/85 at 44). At the preliminary hearing the judge noted Petitioner's low intelligence. (Transcript of Preliminary Hearing Case No. F-86-165 conducted 9/16/85 (hereinafter Trial P.H. 9/16/85) at 159). The judge held Petitioner did not make a valid waiver the first time he spoke with police because he did not fully understand his right to counsel or the consequences of waiving his right. (Trial P.H. 9/16/85 at 162). The judge then held Petitioner did waive his right to counsel the second time he talked to and confessed to the police. (Trial P.H. 9/16/85 at 164-165). On direct appeal this Court held, under the totality of the circumstances, Petitioner's waiver was knowing and voluntary. Clayton, 840 P.2d at 26-27.
We further note trial counsel effectively raised and argued this issue. Trial counsel succeeded in suppressing Petitioner's first statement to police based in part on his mental retardation. Moreover, trial counsel objected to introduction of the second confession at trial. A trial court's adverse ruling cannot render trial counsel ineffective. Williamson, 852 P.2d at 169-170.
Petitioner's mental retardation was also before the trial court at his post evaluation competency examination. As noted by this Court the examination was properly conducted. Clayton, 840 P.2d at 24-25. The examining court reviewed the reports of Dr. Williamson, who testified in second stage that *656 Petitioner was mentally retarded. Id. at 25. Other information and testimony regarding Petitioner's low intelligence was also presented at the examination. (Transcript of Jury Trial Case No. F-86-165 conducted 9/11 & 12/91 at 11, 26, 54, 118). Petitioner fails to show trial counsel was ineffective on this issue.
His retardation was also presented as evidence in mitigation. Contrary to his claim it is clear trial counsel investigated and prepared mitigation evidence based on Petitioner's mental retardation. (Trial Tr. at 1048). Petitioner fails to show trial counsel was deficient in this matter.
Petitioner finally alleges trial counsel failed to present readily available mitigating evidence. Specifically he contends trial counsel could have presented evidence of Petitioner's work history, peacefulness and injuries suffered in an automobile accident. Trial counsel chose to present to the jury evidence of Petitioner's mental problems, troubled family life, substance abuse and limited role in unadjudicated offenses. Petitioner had a sporadic work history and admitted to doctors he had been in knife fights before. Petitioner fails to overcome the strong presumption trial counsel's decision not to invite inquiry into these facts was not sound trial strategy.
Allegations of trial counsel's ineffectiveness are not warranted by the record. Therefore appellate counsel is not ineffective for failing to allege ineffective assistance of trial counsel. Nor does appellate counsel's failure to present arguments on alleged error which are not reviewable[19] or which this Court has consistently rejected[20] render counsel ineffective. See Mann v. State, 856 *657 P.2d 992, 994 (Okl.Cr. 1993); Webb v. State, 835 P.2d 115, 117 (Okl.Cr. 1992).
In his sixteenth proposition Petitioner argues errors occurring at trial, on direct appeal and on post conviction review in aggregate constitute error warranting reversal, modification or resentencing. Any error resulting from the qualification of Ede as a blood spatter expert was harmless. Appellate counsel was not ineffective. Finally, no error occurred with respect to the remaining issues properly before this Court on post conviction review. Because no individual errors warrant relief no accumulation of error occurred necessitating either reversal, modification or resentencing. Stouffer v. State, 738 P.2d 1349, 1363 (Okl.Cr. 1987); Brecheen v. State, 732 P.2d 889, 897 (Okl.Cr. 1987), cert. denied, 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 244 (1988), cert. denied, ___ U.S. ___, 113 S.Ct. 1063, 122 L.Ed.2d 368 (1993), overruled in part on other grounds in Brown v. State, 871 P.2d 56 (Okl.Cr. 1994).
Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find Petitioner is not entitled to relief. Accordingly, the order of the District Court is hereby AFFIRMED.
IT IS SO ORDERED.
WITNESS OUR HANDS AND THE SEAL OF THIS COURT.
LUMPKIN, P.J., JOHNSON, V.P.J., and LANE, CHAPEL, and STRUBHAR, JJ., concur.
NOTES
[1] In his well reasoned and thorough opinion denying Petitioner's Application, the Honorable B.R. Beasley sets forth the chronology accounting for Petitioner's delay in filing his Application. (Original Record, Application for Post Conviction Relief (hereinafter P.C.O.R.) at 376-378). Petitioner was granted extensions totaling ninety (90) days and filed his Application one (1) day late.
[2] V. THE OKLAHOMA COURT OF CRIMINAL APPEALS' AND TRIAL COURT'S RELIANCE ON THE FINDING THAT ROBERT CLAYTON WAS COMPETENT TO STAND TRIAL, RENDERED AT A RETROSPECTIVE POST-EVALUATION COMPETENCY HEARING CONDUCTED OVER FIVE YEARS AFTER HIS TRIAL, WAS ERRONEOUS BECAUSE NO DETERMINATION WAS MADE AS TO WHETHER MR. CLAYTON HAD THE RATIONAL AS WELL AS FACTUAL UNDERSTANDING OF THE PROCEEDINGS AGAINST HIM AT THE TIME OF HIS TRIAL; ACCORDINGLY, MR. CLAYTON'S RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7, 9, 19 AND 20 OF THE OKLAHOMA CONSTITUTION HAVE BEEN VIOLATED;

X. BECAUSE OKLAHOMA HAS APPLIED AND CONSTRUED THE "CONTINUING THREAT" AGGRAVATING CIRCUMSTANCE IN AN ARBITRARY MANNER IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS THE DEATH SENTENCE IN MR. CLAYTON'S CASE MUST BE MODIFIED TO LIFE;
XI. FUNDAMENTAL ERROR IN THE SENTENCING INSTRUCTIONS DEPRIVED MR. CLAYTON OF HIS CONSTITUTIONAL RIGHTS TO AN INDIVIDUALIZED SENTENCING PROCEEDING, TO BE FREE FROM THE ARBITRARY IMPOSITION OF THE DEATH PENALTY AND TO A MEANINGFUL APPELLATE REVIEW OF HIS DEATH SENTENCE; and
XIII. THE TRIAL COURT ERRED IN ALLOWING HIGHLY PREJUDICIAL PHOTOGRAPHS TO BE INTRODUCED AT TRIAL.
[3] I. MR. CLAYTON HAS BEEN DENIED HIS RIGHT OF ACCESS TO THE COURTS IN VIOLATION OF BOUNDS V. SMITH BY THE STATE'S ACTION PRECLUDING CONFIDENTIAL CONTACT COMMUNICATION WITH DEFENSE EXPERTS AND COUNSEL ALL IN VIOLATION OF AKE V. OKLAHOMA AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION;

III. MR. CLAYTON WAS DENIED HIS FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE OKLAHOMA CONSTITUTION BY THE FAILURE TO BE PROVIDED WITH COMPETENT MENTAL HEALTH EXPERTISE TO AID IN HIS DEFENSE;
IV. MR. CLAYTON DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF HIS MIRANDA RIGHTS; HIS MENTAL IMPAIRMENTS PRECLUDED HIM FROM COMPREHENDING AND VALIDLY WAIVING THOSE RIGHTS. TRIAL COUNSEL FAILED TO INVESTIGATE AND ADEQUATELY UTILIZE THE EVIDENCE OF THE PETITIONER'S MENTAL RETARDATION TO ATTACK THE ADMISSIBILITY OF THE PETITIONER'S CONFESSIONS;
V. See supra, n. 2;
VI. MR. CLAYTON WAS DENIED HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER ARTICLE 2, § 7 OF THE CONSTITUTION OF THE STATE OF OKLAHOMA AS WELL AS HIS RIGHTS AS GUARANTEED UNDER THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS AS A RESULT OF TRIAL AND DIRECT APPEAL COUNSELS' INEFFECTIVE ASSISTANCE BY FAILING TO PRESENT ANY ADEQUATE MITIGATION EVIDENCE IN THE SECOND STAGE OF THE PROCEEDINGS;
VII. MR. CLAYTON WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL UNDER OKLAHOMA LAW AND UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE FEDERAL CONSTITUTION;
VIII. ROBERT CLAYTON WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IN VIOLATION OF OKLAHOMA LAW AND THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE II, §§ 7, 9 AND 20 OF THE OKLAHOMA CONSTITUTION;
IX. MR. CLAYTON IS DENIED THE EFFECTIVE ASSISTANCE OF POST-CONVICTION COUNSEL VIOLATING HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS;
X. See supra, n. 2;
XI. See supra, n. 2;
XII. THE TRIAL COURT COMMITTED FUNDAMENTAL ERROR IN FAILING TO INSTRUCT THE JURY THE COURT WOULD IMPOSE A LIFE SENTENCE IF THE JURORS COULD NOT REACH A UNANIMOUS VERDICT IN THE SENTENCING PHASE;
XIV. TULSA COUNTY'S POLICIES  AND THE STATEWIDE POLICIES IN OKLAHOMA  WHEREBY THERE IS SYSTEMATIC UNDER-PAYMENT OF DEFENSE EXPERTS AND SYSTEMATIC WITHHOLDING OF NECESSARY DEFENSE EXPERTS, DEPRIVED MR. CLAYTON OF HIS RIGHT TO DUE PROCESS UNDER THE FEDERAL CONSTITUTION'S FOURTEENTH AMENDMENT AND HIS EIGHTH AMENDMENT RIGHT TO FAIR TREATMENT WHEN BEING EXPOSED TO THE POSSIBILITY OF THE ULTIMATE PENALTY. THE IMBALANCE IN FUNDING OF EXPERTS IN TULSA COUNTY AND STATEWIDE IS VIOLATIVE OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT;
XV. MR. CLAYTON WAS DENIED RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS BECAUSE THERE ARE NO ADEQUATE STANDARDS AND PROCEDURES WHICH CONTROL AND LIMIT PROSECUTORIAL DISCRETION IN DETERMINING WHICH CASES ARE APPROPRIATE FOR SEEKING THE DEATH PENALTY. THIS RUNAWAY DISCRETION RESULTS IN ARBITRARY, DISCRIMINATORY AND UNFAIR IMPOSITION OF THE DEATH PENALTY; and
XVI. THE CUMULATIVE EFFECT OF THE ERRORS OCCURRING AT TRIAL AND DURING THE APPEALS MANDATE THAT THIS CASE BE REMANDED FOR A NEW TRIAL OR THAT THE DEATH SENTENCE BE MODIFIED TO LIFE IMPRISONMENT OR THAT THE CASE BE REMANDED FOR A NEW SENTENCING PROCEDURE.
[4] This issue is raised in propositions of error I and X.
[5] This issue is raised in proposition of error II:

MR. CLAYTON'S RIGHTS OF DUE PROCESS OF LAW AND FUNDAMENTAL FAIRNESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND UNDER 12 O.S. 1991, § 2703 WERE VIOLATED WHEN THE STATE USED UNRELIABLE AND INADMISSIBLE SCIENTIFIC EVIDENCE TO CONVICT HIM.
[6] This issue is raised in proposition of error X.
[7] This issue is raised in propositions of error III-VII.
[8] This issue is raised in proposition of error XVI.
[9] We note the other aspects of Ede's expert testimony were not challenged on direct appeal and thereby are waived. Rojem, 829 P.2d at 684; Smith, 546 P.2d at 1354; 22 O.S. 1981, § 1086.
[10] In State v. Lois Nadine Smith, CRF-82-104, Sequoyah County, Ede testified to Smith's role in a murder based upon his blood spatter analysis of her blouse. Smith's conviction and sentence were affirmed by this Court in Smith v. State, 727 P.2d 1366 (Okl.Cr. 1986), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 780 (1987), reh'g denied, 483 U.S. 1044, 108 S.Ct. 17, 97 L.Ed.2d 806 (1987).
[11] In appending Don Cravens' affidavit to Petitioner's Brief as Exhibit 1, post conviction counsel did not follow the proper procedure to supplement the record. Rule 3.11 of the Rules of the Court of Criminal Appeals. While the affidavit is not part of the record we have reviewed it and conclude it does not affect resolution of the issue properly before this Court because it only challenges Ede's credibility, not his qualifications.
[12] A copy of the letter dated June 7, 1993 was sent to both the Tulsa Public Defender's Office and the Oklahoma Indigent Defense System. (P.C.O.R. at 314). The previous two letters were sent only to the Attorney General's Office.
[13] 22 O.S. 1991, § 1089(C)(1) provides:

The application for post-conviction relief shall be filed in the district court which imposed the sentence within sixty (60) days:
a. from the expiration date of the time for filing a petition for a writ of certiorari with the United States Supreme Court; or
b. from the date that the United States Supreme Court denied the defendant's petition for writ of certiorari.
[14] See 22 O.S. 1991, § 1089(A).
[15] Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524 (1976); State v. Pratt, 816 P.2d 1149, 1152 (Okl.Cr. 1991); Swart v. State, 720 P.2d 1265, 1268 (Okl.Cr. 1986).
[16] City of New Orleans v. Dukes, 427 U.S. 297, 303, 96 S.Ct. 2513, 2517, 49 L.Ed.2d 511, 517 (1976); Pratt, 816 P.2d at 1152.
[17] Petitioner raises this issue in propositions III, IV, V, VI, VII,
[18] In proposition VII Petitioner sets out a list of alleged deficiencies in trial counsel's representation. He fails to present any evidence to show allegations (d)-(f) and (h)-(j) were not within the wide range of reasonable professional assistance. He fails to present sufficient reason why allegations (g), (k)-(m) are not barred from review.
[19] See supra notes 2 and 3.
[20] See Petitioner's brief, propositions:

I, IX. Collateral relief based on Mann v. Reynolds, 828 F. Supp. 894 (W.D.Okla. 1993). See Nguyen, 879 P.2d at 149. See also Ross v. State, 872 P.2d 940, 941 (Okl.Cr. 1994); Williamson v. State, 852 P.2d 167, 169 (Okl.Cr. 1993) (requests to hold post conviction review in abeyance until decision rendered by federal district court held collateral to and not properly presented for this Court's review).
III-VIII. Collateral review of trial counsel's effectiveness on post conviction review when petitioner represented by same office at trial and on direct appeal. See Castro v. State, 880 P.2d 387 (1994); Smith, 878 P.2d at 378; James v. State, 818 P.2d 918, 920 (Okl.Cr. 1991), cert. denied, 502 U.S. 1111, 112 S.Ct. 1214, 117 L.Ed.2d 452 (1992); Jones v. State, 668 P.2d 1170, 1171 (Okl. Cr. 1983). See also Webb v. State, 835 P.2d 115, 117 (Okl.Cr. 1992) (representation by same counsel at trial and on appeal insufficient to permit review of trial counsel's effectiveness on post conviction review).
VI, IX, XIV. Underfunding of public counsel. See Green v. State, 881 P.2d 751 (Okl.Cr. 1994); Castro, 880 P.2d at 389; Castro, 814 P.2d at 158 n. 1; Rojem v. State, 753 P.2d 359, 364 (Okl.Cr. 1988), cert. denied, 488 U.S. 900, 109 S.Ct. 249, 102 L.Ed.2d 238 (1988), cert. denied, ___ U.S. ___, 113 S.Ct. 420, 121 L.Ed.2d 343 (1992).
X. Constitutionality of the continuing threat aggravating circumstance. See Malone v. State, 876 P.2d 707, 717 (Okl.Cr. 1994) and cases cited therein.
XI. Inadequate capital second stage sentencing instructions:
a. Incorporation of first stage anti-sympathy instruction in second stage instructions, see Harjo v. State, 882 P.2d 1067 (1994); Mayes v. State, 887 P.2d 1288 (1994); Revilla v. State, 877 P.2d 1143, 1153 (Okl.Cr. 1994); Boyd v. State, 839 P.2d 1363, 1372 (Okl.Cr. 1992); Stiles v. State, 829 P.2d 984, 994-995 (Okl.Cr. 1992); Thomas v. State, 811 P.2d 1337, 1349-1350 (Okl.Cr. 1991); Fox, 779 P.2d at 574-575;
b. Guaranteeing jurors consider mitigating evidence, see Mayes, 887 P.2d at 1301; Malone, 876 P.2d at 715; Allen v. State, 871 P.2d 79, 102 (Okl.Cr. 1994); Pickens v. State, 850 P.2d 328, 339 (Okl.Cr. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 942, 127 L.Ed.2d 232 (1994); Thomas, 811 P.2d at 1350;
c. Instructing jurors they need not be unanimous in finding mitigating circumstances, see Harjo, 882 P.2d at 1081; Mayes, 887 P.2d at 1320; Stiles, 829 P.2d at 997; and
d. Attacking the burden for weighing mitigating circumstances against aggravating circumstances, see Malone, 876 P.2d at 715; Romano v. State, 847 P.2d 368, 392 (Okl.Cr. 1993), cert. granted, ___ U.S. ___, 114 S.Ct. 380, 126 L.Ed.2d 330 (1993); Woodruff v. State, 846 P.2d 1124, 1149 (Okl.Cr. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 349, 126 L.Ed.2d 313 (1993); Williamson v. State, 812 P.2d 384, 410 (Okl.Cr. 1991), cert. denied, 503 U.S. 973, 112 S.Ct. 1592, 118 L.Ed.2d 308 (1992), reh'g denied, ___ U.S. ___, 112 S.Ct. 2325, 119 L.Ed.2d 244 (1992). See also Zant v. Stephens, 462 U.S. 862, 890, 103 S.Ct. 2733, 2750, 77 L.Ed.2d 235, 258 (1983). XII. Failure of trial court to inform jury a life sentence will be imposed if a unanimous verdict is not reached. See Malone, 876 P.2d at 713; Frice v. State, 853 P.2d 203, 216 (Okl.Cr. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 638, 126 L.Ed.2d 597 (1993); Ellis v. State, 867 P.2d 1289, 1301 (Okl.Cr. 1992).